UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                    Case No. 22-10541-SMG

MARK GREGORY AMARANT,                      Chapter 11

    Debtor.
_____/

## DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH WYNN LAS VEGAS, LLC

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Debtor, Mark Gregory Amarant (the "Debtor"), by counsel, pursuant to Fed. R. Bankr. P. 9019 and Local Rules 9019-1 and 9013-1(D), respectfully requests that the Court enter an order approving the settlement between the Debtor and Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas ("Wynn"), and states as follows:

1. On January 24, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code.

2. On or around March 1, 2020, the Debtor signed and tendered four (4) checks to Wynn, in order to pay certain amounts Debtor owed to Wynn, a licensed gaming establishment, in the amounts of $20,000.00, $20,000.00, $40,000.00 and $50,000.00, totaling $130,000.00 (the "Checks"). All four (4) Checks were returned for insufficient funds.

3. The Debtor voluntarily agreed to repay the amounts owed to Wynn through alternative means, in full, in order to avoid any and all fines, penalties and other charges and consequences associated with the Checks pursuant to Nevada Revised Statutes (NRS) 205.130.

4. Thereafter, Debtor began paying Wynn $2,778.00 per month, with the intention that such payments would continue until such time as the amount of the Checks was repaid in full.

5. On March 8, 2022, Wynn filed Claim # 24-1, in the amount of $44,440.00, which

represented the remaining amount due and owing to Wynn as of the Petition Date, as a result of relating back to the Checks (the "Wynn Claim"). As of the date of this Motion, the amount due on the Wynn Claim is $41,662.00[1].

6. Wynn has asserted, and Debtor agrees, that the Wynn Claim should be deemed non-dischargeable, pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), as the Checks were returned for insufficient funds. In reliance upon Debtor's representations and agreement to repay the amounts owed, Wynn has forgone certain rights and remedies it would otherwise have under the law and in equity. Wynn has also asserted that non-payment of the Wynn Claim could subject the Debtor to further fines, penalties and other charges and consequences.

7. The Debtor and Wynn have negotiated the Wynn Claim in good faith and have agreed to settle the Wynn Claim, and any and all claims that may exist between the parties, in order to avoid the uncertainties and expense of litigation.

8. In order to resolve any and all claims by Wynn, including payment of the Wynn Claim, the Debtor agrees to pay Wynn $41,662.00 (the "Settlement Amount"), as follows: (a) 14 payments of $2,778.00 per month, beginning on the first day of the month immediately following the Effective Date of a confirmed Chapter 11 Plan, and due on the first (1st) day of each and every month thereafter; followed by (b) 1 final payment of $2,770.00, due on the first day of the month following completion of the payments referenced in (a) above.

9. The Settlement Amount shall be deemed non-dischargeable, pursuant to 11 U.S.C. § 523. In the event that this proceeding is converted to Chapter 7, the Settlement Amount shall similarly be deemed non-dischargeable. Wynn shall be entitled to an allowed non-dischargeable general unsecured claim in this proceeding, for the amount of the Settlement Amount. The specific terms of the proposed settlement are set forth in the Settlement Agreement attached hereto as Exhibit "A".

---

[1] The Debtor's father gratuitously made one (1) payment to Wynn, after the Petition Date, to reduce the balance owed.

10. The Debtor believes that this settlement is in the best interest of the estate and that the Settlement Amount is fair and reasonable.

11. The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

12. Specifically, with respect to factor (a), the Debtor concedes that the Checks were returned for insufficient funds, and that Wynn would have a strong non-dischargeability claim pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). In addition, and more significantly, but for the proposed settlement, the Debtor would be subjected to additional fines, penalties and other charges and consequences. Those consequences could include criminal prosecution under Nevada law.

13. Such consequences would not only have an adverse effect on the Debtor personally but would also have an adverse effect on the bankruptcy estate, as the Debtor's Chapter 11 Plan will be funded through his income derived through his employment, which would be threatened should those consequences apply. The Debtor's ability to repay his creditors would therefore be compromised absent resolution of the Wynn Claim. Therefore, this factor weighs in favor of approval of the Settlement Agreement.

14. Specifically, with respect to factor (b), pursuant to the Debtor's Chapter 11 Plan, which is being filed contemporaneously herewith, the Settlement Amount is feasible given that such amount will be repaid over 15 months. Furthermore, since the claim being resolved is a claim against the Debtor, rather than a claim of the bankruptcy estate, this factor either weighs in favor

of approval of the Settlement Agreement, or is otherwise neutral.

15.     Specifically, with respect to factor (c), although the factual and legal issues involved with regard to the Wynn Claim are not necessarily complicated, litigation of the Wynn Claim would nevertheless involve unnecessary expenses and would delay confirmation of the Debtor's Chapter 11 Plan.

16.     Finally, given all of the above, with respect to factor (d), the Debtor believes that the proposed settlement will save significant expense to the bankruptcy estate, and allow the Debtor to avoid criminal prosecution relating to the Checks, and any other negative consequences that would have an adverse effect on the bankruptcy estate.

17.     Although the Wynn Claim would be a non-priority non-dischargeable unsecured claim, the proposed treatment of the Wynn Claim does not constitute unfair discrimination, because a rational basis exists for such discrimination, which the Debtor contends is necessary for a successful Chapter 11 reorganization, as referenced above. *See In re Etheridge*, 297 B.R. 810, 816 (Bankr. M.D. Ala. 2003) (allowing discrimination in a Chapter 13 plan to repay a bad check, where the potential consequences would include loss of employment and incarceration; with the court noting that such discrimination enhances the chances that the discriminated class would receive repayment).

18.     Furthermore, in the case at hand, even if the Settlement Payment were made to all general unsecured creditors (rather than to Wynn), such general unsecured creditors would only receive a distribution of approximately 0.6922% more than what such creditors would otherwise receive. For these reasons, the Settlement Agreement does not violate 11 U.S.C. § 1191(b) (should such section become applicable in this proceeding).

19.     Based on the above, the Debtor believes that the settlement is in the best interest of the bankruptcy estate and should be approved by the Court.

WHEREFORE, the Debtor respectfully requests the Court enter an order approving the settlement with the Wynn, as set forth above, in the form set forth in the attached proposed Order,

and for such other and further relief as the Court deems just and proper.

Dated: April 22, 2022

LSS LAW
Attorneys for the Debtor
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@lss.law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on April 22, 2022 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to the parties on the attached creditor matrix.

By:_____/s/_____
Zach B. Shelomith

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                               Case No. 22-10541-SMG

MARK GREGORY AMARANT,                                Chapter 11

    Debtor.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Mark Gregory Amarant (the "Debtor") and Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas ("Wynn"). The parties to this Agreement are also collectively referred to as the "Parties" or singularly as a "Party."

## RECITALS

A. On or around March 1, 2020, the Debtor signed and tendered four (4) checks to Wynn, in order to pay certain amounts Debtor owed to Wynn, a licensed gaming establishment, in the amounts of $20,000.00, $20,000.00, $40,000.00 and $50,000.00, totaling $130,000.00 (the "Checks"). All four (4) Checks were returned for insufficient funds.

B. Debtor voluntarily agreed to repay the amounts owed to Wynn through alternative means, in full, in order to avoid any and all fines, penalties and other charges and consequences associated with the Checks pursuant to Nevada Revised Statutes (NRS) 205.130.

C. Thereafter, Debtor began paying Wynn $2,778.00 per month, and until such time as the amount of the Checks was repaid in full.

D. On January 24, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code, Case No. 22-10541-SMG [ECF No. 1] (the "Bankruptcy Case").

E. On March 8, 2022, Wynn filed Claim # 24-1 in the Bankruptcy Case, in the amount of $44,440.00, which represented the remaining amount due and owing to Wynn as of the Petition Date, as a result of relating back to the Checks (the "Wynn Claim"). As of the date of this Agreement, the amount due on the Wynn Claim is $41,662.00.

F. Wynn has asserted, and Debtor agrees, that the Wynn Claim should be deemed non-dischargeable, pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6), as the Checks were returned for insufficient funds several years prior to Debtor's filing of the Bankruptcy Case, and in reliance upon Debtor's representations and agreement to repay the amounts owed, Wynn has forgone certain rights and remedies it would otherwise have under the law and in equity. Wynn has also

Exhibit "A"

asserted that non-payment of the Wynn Claim could subject the Debtor to further fines, penalties and other charges and consequences.

G. The Parties have negotiated the Wynn Claim in good faith. The Parties have agreed to settle the Wynn Claim, and any and all claims that may exist between the parties, in order to avoid the uncertainties and expense of litigation.

NOW, THEREFORE, in consideration of the foregoing facts and the terms, conditions, agreements, representations and covenants set forth herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Recitals Incorporated</u>. The above recitals and prefatory phrases and paragraphs set forth above are true and correct and are hereby incorporated in full and made a part of this Agreement.

2. <u>Approval</u>. The Parties acknowledge and agree that this Agreement is subject to the approval of the Bankruptcy Court, and therefore will not be binding until such approval has been granted (the "Approval").

3. <u>Payment</u>. In order to resolve any and all claims by Wynn, including payment of the Wynn Claim, the Debtor agrees to pay Wynn $41,662.00 (the "Settlement Amount"), as follows: (a) 14 payments of $2,778.00 per month, beginning on the first day of the month immediately following the Effective Date of a confirmed Chapter 11 Plan in the Bankruptcy Case, and due on the first (1st) day of each and every month thereafter; followed by (b) 1 final payment of $2,770.00, due on the first day of the month following completion of the payments referenced in (a) above. All payments shall be made to Wynn Las Vegas, LLC, 3131 Las Vegas Blvd South, Las Vegas, NV 89109. The Settlement Amount shall be deemed non-dischargeable, pursuant to 11 U.S.C. § 523. In the event that the Bankruptcy Case is converted to Chapter 7, the Settlement Amount shall similarly be deemed non-dischargeable and the payment schedule described above shall begin on the first day of the month following conversion to Chapter 7. Wynn shall be entitled to an allowed non-dischargeable general unsecured claim in the Bankruptcy Case, for the amount of the Settlement Amount.

4. <u>Default</u>. In the event that the Debtor fails to comply with the terms of this Agreement, including the failure to pay the Settlement Amount when due, then the Debtor shall have seven (7) days after notice of such failure is provided to the Debtor's counsel, by electronic mail, at the address set forth below, to cure such default (the "Cure Period"). At the expiration of the Cure Period, if the default is not cured, then Wynn will be entitled to pursue the full Settlement Amount and will be entitled to any and all rights afforded to it under Nevada law to proceed against the Debtor.

5. <u>Waivers.</u> As long as the Settlement Amount is being paid according to the payment terms described herein, up to and through payment of the final payment under 3(b) above, Wynn agrees to waive any further fees, fines, penalties and other charges against the Debtor. By virtue of this Agreement, the Debtor, on behalf of the bankruptcy estate, waives any affirmative claims against the Wynn, including without limitation, any avoidance claims pursuant to 11 U.S.C. § 550.

6.  **Indemnification.** Debtor shall indemnify, defend, and hold harmless Wynn in connection with any action or proceeding related to this Agreement, including, without limitation, the validity and/or enforceability of this Agreement.

7.  <u>Mutual Release</u>. The Parties agree that the full Settlement Amount, once received and cleared, shall constitute full consideration for this Agreement and shall constitute a complete accord and satisfaction for any amounts claimed to be owed by the Debtor to Wynn, or vice-versa.

8.  <u>Treatment in Chapter 11 Plan</u>. Upon the Approval of this Settlement: (a) Wynn will not seek the dismissal or conversion of the Bankruptcy; (b) Wynn shall vote in favor of confirmation of the Chapter 11 Plan, or any amended Chapter 11 Plan, so long as such Plan provides for the payments to Wynn as set forth in this Agreement; (c) Wynn shall file a ballot voting to accept the Debtor's Chapter 11 Plan, or any amended Chapter 11 Plan, so long as such Plan provides for the payments to Wynn as set forth in this Agreement; and (d) Wynn shall only be entitled to the payments set forth in this Agreement and is not entitled to any additional payment as a general unsecured creditor.

9.  <u>Notice</u>. All notices, requests, demands, and other communication under this Agreement, other than payment of the Settlement Amount, which shall be directed as stated above, shall be in writing and will be personally delivered, delivered by courier service, or mailed, with first class postage prepaid as follows:

> If to the Trustee:
>
> > c/o Zach B. Shelomith, Esq.
> > LSS Law
> > 2699 Stirling Road, Suite C401
> > Ft. Lauderdale, FL 33312
> > T: 954.920.5355
> > zbs@lss.law
>
> If to Wynn:
>
> > Wynn Las Vegas, LLC
> > Attn: General Counsel
> > 3131 Las Vegas Blvd. South
> > Las Vegas, Nevada 89109
> > Thomas.reich@wynnlasvegas.com
>
> > With a copy to:
>
> > Wynn Las Vegas, LLC
> > Attn: Barbara Conway
> > 3131 Las Vegas Blvd. South
> > Las Vegas, Nevada 89109
> > Barbara.conway@wynnlasvegas.com

10. <u>No Other Agreements; Modification.</u> This Agreement contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement. This Agreement may be

altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

11.  **Applicable Law.** All matters affecting the execution, interpretation, validity, and enforceability of this Agreement shall be exclusively subject to, and interpreted under, federal bankruptcy law, as well as the laws of the State of Nevada to whatever extent bankruptcy law relies upon state law. Both Parties submit to the exclusive jurisdiction of the State of Nevada in connection herewith. In any action brought to enforce the terms of this Agreement, the prevailing party shall be awarded reasonable attorneys' fees and costs.

12.  **No Presumptions Against Drafter.** The fact that any draft of this Agreement was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that Party. The Parties acknowledge that each has contributed toward the drafting of this Agreement, and that this Agreement is the result of negotiations between the parties.

13.  **Failure to Require Performance.** The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

14.  **Understanding of Terms.** The Parties acknowledge that each fully understands all of the terms and obligations of this Agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

15.  **No Duress.** The Parties enter into this Agreement freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Agreement.

16.  **Advice of Counsel.** All Parties to this Agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Agreement, and they are also aware of what their rights would be in the absence of this Agreement.

17.  **Binding Effect.** This Agreement shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of the heirs, assigns, personal representatives, and successors of the respective Parties.

18.  **Counterparts.** This Agreement may be executed in two or more counterparts, including facsimile and e-mail counterparts, none of which need contain signatures of all of the Parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

19.  **Authority.** Each Party to this Agreement represents that he or she is duly authorized to execute this Agreement and that the Parties through whom each Party executes this Agreement are fully and duly empowered and authorized to execute same on the respective Party's behalf.

20. **Date of Agreement.** The date of this Agreement is the date on which the last of the Parties executes a copy of it.

21. **Captions.** The captions of the various paragraphs in this Agreement are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

| By: *[signature]* <br> Mark Gregory Amarant <br><br> Dated: **04/14/2022** | By: *[signature]* <br> Print Name: Dean Lawrence <br><br> Position: SVP & CFO <br> of Wynn Las Vegas, LLC <br><br> Dated: April 13, 2022 |
|---|---|

APPROVED AS TO FORM
BY LEGAL DEPARTMENT
THOMAS J. REICH *[initials]*

Exhibit "A"

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 22-10541-SMG |
| MARK GREGORY AMARANT, | Chapter 11 |
| Debtor. | |
| _____/ | |

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE
### SETTLEMENT WITH WYNN LAS VEGAS, LLC

THIS CAUSE came on before the Court upon the Debtor's Motion to Approve Settlement with Wynn Las Vegas, LLC [ECF No. 48] (the "Motion"), filed pursuant to Local Rule 9013-1(D), and the movant by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, that the form of order was attached as an exhibit to the Motion, and the Court, having considered the Motion and being otherwise duly advised in the premises, it is

**ORDERED** as follows:

1.     The Motion is GRANTED and the settlement between Mark Gregory Amarant (the

"Debtor") and Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas ("Wynn"), as described in the Motion, is approved.

2. The Settlement Agreement attached as Exhibit "A" to the Motion is approved.

3. Wynn shall be entitled to an allowed non-dischargeable general unsecured claim in this bankruptcy proceeding, in the amount of $41,662.00.

4. All of the terms of the Settlement Agreement entered into between the Debtor and Wynn are approved. Both parties must comply with all terms set forth in the Settlement Agreement. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

###

**Submitted by:**

Zach B. Shelomith, Esq.
LSS Law
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zbs@lss.law

**Copies to:**

**All parties and creditors listed on the court matrix.**

**Attorney Shelomith is directed to serve copies of this order on all parties above and to file a certificate of service.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 22-10541-SMG<br>Southern District of Florida<br>Fort Lauderdale<br>Fri Apr 22 14:22:20 EDT 2022 | Ally Bank Lease Trust - Assignor to Vehicle<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 |
| BMW Financial Services NA, LLC, c/o AIS Port<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Broward County<br>c/o Records, Taxes & Treasury<br>Attn:  Bankruptcy Section<br>115 S. Andrews Ave. A-100<br>Ft. Lauderdale, FL 33301-1888 | Ferrari Financial Services, Inc.<br>c/o Saul Ewing Arnstein & Lehr LLP<br>701 Brickell Ave.,<br>Suite 1700<br>Miami, FL 33131-2832 |
| Lending Club Bank N.A.<br>c/o Mitrani, Rynor, Adamsky & Toland PA<br>1200 Weston Rd<br>PH<br>Weston, Fl 33326-1987 | Ally Bank Lease Trust c/o AIS Portfolio Serv<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Ally Financial<br>Attn: Bankruptcy<br>POB 380901<br>Bloomington, MN 55438-0901 |
| American Express<br>Correspondence/Bankruptcy<br>POB 981540<br>El Paso, TX 79998-1540 | American Express<br>POB 650448<br>Dallas, TX 75265-0448 | American Express<br>POB 981537<br>El Paso, TX 79998-1537 |
| American Express National Bank<br>Correspondence/Bankruptcy<br>POB 981540<br>El Paso, TX 79998-1540 | American Express National Bank<br>POB 981537<br>El Paso, TX 79998-1537 | American Express National Bank<br>c/o Modlin Slinsky, P.A.<br>1551 Sawgrass Corporate Pkwy # 110<br>Sunrise, FL 33323-2832 |
| BFS Capital<br>3301 N University Dr # 300<br>Coral Springs, FL 33065-4149 | (p)BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 | BMW Financial Services Attn: Customer Accoun<br>5550 Britton Parkway<br>Hilliard, OH 43026-7456 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Bank of America, N.A.<br>POB 982238<br>El Paso, TX 79998-2238 |
| Barclays Bank Delaware<br>Attn: Bankruptcy<br>POB 8801<br>Wilmington, DE 19899-8801 | Barclays Bank Delaware<br>POB 8803<br>Wilmington, DE 19899-8803 | Broward County Tax Collector<br>115 S Andrews Ave # 100<br>Fort Lauderdale, FL 33301-1888 |
| CAN Capital, Inc., assignee of WebBank<br>2015 Vaughn Road<br>Building 500<br>Kennesaw, GA 30144-7831 | Can Capital Asset Servicing, Inc.<br>2015 Vaughn Rd # 500<br>Kennesaw, GA 30144-7831 | Can Capital Asset Servicing, Inc.<br>c/o Mateer & Harbert, P.A.<br>225 E Robinson St # 600<br>POB 2854<br>Orlando, FL 32802-2854 |
| Capital One<br>Attn: Bankruptcy<br>POB 30285<br>Salt Lake City, UT 84130-0285 | Capital One<br>POB 31293<br>Salt Lake City, UT 84131-0293 | Cavalry Portfolio Services<br>Attn: Bankruptcy<br>500 Summit Lake Dr # 400<br>Valhalla, NY 10595-2321 |

| | | |
|---|---|---|
| Cavalry SPV I, LLC<br>PO Box 4252<br>Greenwich, CT 06831-0405 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Chase Ink Mastercard<br>POB 1423<br>Chicago, IL 60675-0001 |
| Chase Ink Visa<br>POB 1423<br>Chicago, IL 60675-0001 | Citi AA Gold Mastercard<br>POB 9001037<br>Louisville, KY 40290-1037 | (p)DE LAGE LANDEN FINANCIAL<br>ATTN LITIGATION & RECOVERY<br>1111 OLD EAGLE SCHOOL ROAD<br>WAYNE PA 19087-1453 |
| Department of the Treasury<br>Internal Revenue Service<br>POB 7317<br>Philadelphia, PA 19101-7317 | Department of the Treasury<br>Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 | Ferrari Financial Services Inc<br>6400 Main St<br>Amherst, NY 14221-5858 |
| Fidelity Capital<br>19600 Fairchild Rd # 120<br>Irvine, CA 92612-2509 | Fidelity Funding Services, LLC<br>19600 Fairchild Rd # 120<br>Irvine, CA 92612-2509 | Fidelity Funding Services, LLC<br>c/o Vincent F. Alexander, Esq.<br>110 SE 6 St # 2600<br>Fort Lauderdale, FL 33301-5059 |
| Fifth Third Bank N.A.<br>PO Box 9013<br>Addison, Texas 75001-9013 | Fifth Third Bank, N.A.<br>POB 740789<br>Cincinnati, OH 45274-0789 | Florida Community Bank, N.A.<br>n/k/a Synovus Bank<br>369 N New York Ave<br>Winter Park, FL 32789-3124 |
| Goldman Sachs USA SLC<br>Lockbox 6112<br>POB 7247<br>Philadelphia, PA 19170-0001 | Imagination Farms Community Association, Inc.<br>14275 SW 142 Ave<br>Miami, FL 33186-6715 | Imagination Farms Community Association, Inc.<br>c/o Miami Management, Inc.<br>1145 Sawgrass Corporate Pkwy<br>Sunrise, FL 33323-2847 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | (p)JOHNSON BANK<br>5901 DURAND AVE<br>RACINE WI 53406-5098 | Knight Capital Funding<br>9 E Loockerman St # 202-543<br>Dover, DE 19901-8306 |
| Leslie A. Amarant<br>4253 SW 134 Ave<br>Davie, FL 33330-4700 | Marci H. Osheroff<br>16400 NW 2 Ave # 213<br>Miami, FL 33169-6035 | Marx Developments, LLC<br>16400 NW 2 Ave # 203<br>N Miami Beach, FL 33169-6035 |
| Maserati Capital USA<br>POB 78076<br>Phoenix, AZ 85062-8076 | Matthew G. Osheroff<br>16400 NW 2 Ave # 213<br>Miami, FL 33169-6035 | Mr. Cooper<br>350 Highland<br>Houston, TX 77009-6623 |
| Mr. Cooper<br>Attn: Bankruptcy<br>POB 619098<br>Dallas, TX 75261-9098 | Mr. Cooper<br>POB 619094<br>Dallas, TX 75261-9094 | Mr. Cooper<br>POB 650783<br>Dallas, TX 75265-0783 |

| | | |
|---|---|---|
| Navy Federal Credit Union<br>820 Follin Ln SE<br>Vienna, VA 22180-4907 | Navy Federal Credit Union<br>Attn: Bankruptcy<br>POB 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>One Security Pl<br>Merrifield, VA 22119-0001 |
| Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | New Residential Mortgage Loan Trust 2017-5<br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>Attn: Bankruptcy Dept.<br>PO Box 619096<br>Dallas TX 75261-9096 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Platinum Systems Holdings, LLC<br>4600 Green Bay Rd<br>Kenosha, WI 53144-1719 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Radius Bank<br>c/o Howard S. Toland, Esq.<br>1200 Weston Road # PH<br>Fort Lauderdale, FL 33326-1987 |
| Radius Bank<br>n/k/a LendingClub Bank N.A.<br>1 Harbor St # 201<br>Boston, MA 02210-2445 | Rapid Finance<br>4500 East West Hwy 64<br>Bethesda, MD 20814-3327 | Seminole Casino Coconut Creek<br>5550 NW 40th St<br>Coconut Creek, FL 33073-3818 |
| Seminole Tribe of Florida<br>1 Seminole Wy<br>Hollywood, FL 33314-6407 | Seminole Tribe of Florida<br>c/o R. Daniel Koppen, Esq.<br>6325 3 St # 410<br>Rockledge, FL 32955 | Small Business Financial Solutions LLC<br>c/o Theodore Murphy<br>4500 E West Hwy<br>6th Floor<br>Bethesda, MD 20814-3327 |
| Small Business Financial Solutions, LLC<br>PO BOX 1931<br>Burlingame, CA 94011-1931 | Synovus Bank<br>POB 120<br>Columbus, GA 31902-0120 | The Lending Club fka Radius bank<br>c/o Mitrani, Rynor, Adamsky, Rynor & Tol<br>1200 Weston Rd , PH<br>Weston, Fla 33326-1987 |
| Transamerica<br>440 Mamaroneck Ave<br>Harrison, NY 10528-2426 | UNITED STATES DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON WI 53708-8973 | US Department of Education<br>2401 International Ln<br>Madison, WI 53704-3121 |
| US Department of Education<br>Attn: Bankruptcy<br>POB 7860<br>Madison, WI 53707-7860 | USAA Federal Savings Bank<br>Attn: Bankruptcy<br>10750 McDermott Fwy<br>San Antonio, TX 78288-1600 | Wells Fargo Bank, N.A.<br>Attn: Bankruptcy<br>POB 10438<br>Des Moines, IA 50306-0438 |
| Wells Fargo Bank, N.A.<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Bank, N.A.<br>POB 10335<br>Des Moines, IA 50306-0335 | Wells Fargo Bank, N.A.<br>POB 14517<br>Des Moines, IA 50306-3517 |
| Wells Fargo Bank, N.A.<br>POB 71118<br>Charlotte, NC 28272-1118 | Whoa Media Holdings Corp.<br>4253 SW 134 Ave<br>Fort Lauderdale, FL 33330-4700 | Whoa Networks, Inc. d/b/a Whoa.com<br>7261 Sheridan St # 340<br>Hollywood, FL 33024-2708 |

| | | |
|---|---|---|
| Wynn Las Vegas and Encore<br>3131 Las Vegas Blvd S<br>Las Vegas, NV 89109-1967 | Alan Fyne<br>1515 N University Dr #101<br>Coral Springs, FL 33071-6083 | Mark Gregory Amarant<br>4253 SW 134 Ave<br>Davie, FL 33330-4700 |
| Soneet Kapila<br>www.kapilatrustee.com<br>PO Box 14213<br>Ft Lauderdale, FL 33302-4213 | Zach B Shelomith<br>2699 Stirling Rd # C401<br>Ft Lauderdale, FL 33312-6598 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BMW Financial Services<br>Attn: Bankruptcy<br>POB 3608<br>Dublin, OH 43016 | (d)BMW Financial Services<br>Attn: Bankruptcy<br>POB 3608<br>Dublin, OH 43016-0306 | (d)BMW Financial Services<br>POB 9001065<br>Louisville, KY 40290-1065 |
| Bank of America, N.A.<br>Attn: Bankruptcy<br>POB 982234<br>El Paso, TX 79998 | Chase Card Services<br>Attn: Bankruptcy<br>POB 15298<br>Wilmington, DE 19850 | (d)Chase Card Services<br>POB 15369<br>Wilmington, DE 19850 |
| (d)Chase Card Services<br>POB 901003<br>Fort Worth, TX 76101 | De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Rd<br>Wayne, PA 19087 | Johnson Bank<br>555 Main St # 490<br>Racine, WI 53403 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Nationstar Mortgage LLC d/b/a Mr. Cooper | (d)American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | (d)Broward County<br>c/o Records, Taxes & Treasury<br>Attn:  Bankruptcy Section<br>115 S. Andrews Ave. A-100<br>Ft. Lauderdale, FL 33301-1888 |

End of Label Matrix
Mailable recipients     94
Bypassed recipients      3
Total                   97